IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RAS JAH MIKES MATTA,<br><br>Petitioner/Defendant.<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff. | Cause No. CV 21-92-BLG-SPW<br>CR 10-10-BLG-SPW<br><br>ORDER |

This case comes before the Court on Petitioner Matta's application for a writ of error *coram nobis*. He is proceeding pro se.[1]

On August 23, 2021, the Court ordered Matta to explain why his situation was so extraordinary as to warrant *coram nobis* relief. *See* Order (Doc. 2) at 2 (quoting *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (internal citations omitted)). Matta responded on September 20, 2021. *See* Resp. to Order (Doc. 4). He has also filed motions for an evidentiary hearing and appointment of counsel. *See* Mot. (Doc. 6).

---

[1] In a pending criminal case, Matta is represented by counsel. *See United States v. Matta*, No. CR 21-22-BLG-SPW-TJC (D. Mont. sentencing set for April 7, 2022).

1

## I. Background

### A. Criminal Case

Matta seeks to challenge his 2010 conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. Matta*, No. CR 10-10-BLG-RFC (D. Mont. filed Dec. 21, 2009) ("1:10-CR-10"). He claims his conviction was obtained by exploiting violations of the Fourth and Fifth Amendments. *See* Pet. (Doc. 1) at 3 ¶ 9A, 4 ¶ 9B, 5 ¶ 9C.

Matta was arrested in December 2009 "based on an APB Warrant for absconding" from probation. Officers found two firearms in his vehicle. *See* Pet. (Doc. 1) at 3. Matta pled guilty to being a felon in possession of a firearm and was sentenced to serve 96 months in prison, to be followed by three years' supervised release. *See* Indictment (1:10-CR-10 Doc. 8), Judgment (1:10-CR-10 Doc. 36). Matta appealed the sentence. The Court of Appeals affirmed. *See* Mem. (1:10-CR-10 Doc. 48), *United States v. Matta*, No. 10-30363 (9th Cir. Feb. 21, 2012). Matta's conviction became final on May 21, 2012. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Matta discharged the entire sentence when he was released from prison on August 2, 2019, with no supervised release to follow. *See* Revocation Judgment (1:10-CR-10 Doc. 82) at 4; Inmate Locator, https://www.bop.gov/inmateloc (accessed Feb. 11, 2022). He did not file a § 2255 motion at any point in the

seven-year period after his conviction became final and before he was released from custody.[2] For that reason, on August 23, 2021, the Court required him to explain why it should entertain his *coram nobis* petition.

### B. Facts Relevant to *Coram Nobis* Petition

In response, Matta explains that he trusted his counsel's advice but discovered, belatedly, that it was incorrect. According to Matta, he told his state probation officer in 2009 that his state sentence "should have been discharged on June 6th, 2006," so he "wasn't going to comply anymore because I should be thr[ough] with probation." Pet. (Doc. 1) at 4. He states that "[t]his led to an absconding warrant." *Id.* Officers were investigating new crimes implicating Matta. When he was spotted, he was arrested. A search of his vehicle led to discovery of the two firearms. *See id.* at 3–4; *see also* Presentence Report 1:10-CR-10 ¶¶ 9–11. Assertedly in violation of his Fifth Amendment privilege against self-incrimination, Matta subsequently admitted handling them. *See* Pet. at 5; Presentence Report 1:10-CR-10 ¶¶ 12–13.

Matta states that he told his federal trial counsel of his belief that he was not lawfully on probation at the time of his arrest. *See* Resp. to Order (Doc. 4) at 5–6 ¶¶ 26–27, 8 ¶ 34. But, he says, he did not file a § 2255 motion because counsel

---

[2] Matta filed a § 2255 motion in the criminal case on June 28, 2021. *See* Notice of Mot. (1:10-CR-10 Doc. 84) at 1. The Court dismissed it for lack of jurisdiction. *See* Order (1:10-CR-10 Doc. 87) at 1–2.

3

told him he was wrong. In April of 2021, Matta found Montana Supreme Court authority that he believes supports his claim. *See id.* at 8 ¶ 34, 11 ¶ 43 (citing *Robbins v. McCormick*, 853 P.2d 1205 (Mont. 1993)).[3]

## II. Analysis

"[T]he writ of error *coram nobis* is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." *United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007). A petition for the writ must meet four criteria:

> To warrant *coram nobis* relief, [a petitioner] must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character.

*Matus-Leva*, 287 F.3d at 760 (internal citations omitted).

### A. Usual Remedies

Matta does not show a more usual remedy was not available to him. The Court sees nothing about this case that falls into "a very precise gap in federal criminal procedure." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994). Matta did not, for example, fully discharge his federal sentence before he had time

---

[3] *Robbins* quoted the 1985 version of Mont. Code Ann. § 46-18-401(1)(b). The statute was amended in 1989 and 1995. These amendments appear relevant to defeating Matta's claim and validating counsel's advice. *Compare, e.g., Robbins*, 853 P.2d at 1206–07, *with* Mont. Code Ann. § 46-18-401(1)(b), (4) (1997). However, the Court makes no decision on this point.

to mount a collateral attack in the prescribed manner under 28 U.S.C. § 2255. *Cf. Spencer v. Kemna*, 523 U.S. 1, 19, 21–22, 25 n.8 (1998). Far from having "no more conventional remedy" at his disposal, *Riedl*, 496 F.3d at 1005, Matta alleges issues of the sort that criminal defendants routinely raise in motions under § 2255.

### B. Reasons for Not Filing Earlier

Matta fails to show a valid reason for not attacking his conviction earlier. From the outset of his case, Matta was aware of the issues he now raises and aware that he disagreed with counsel about them. *See* Resp. to Order at 6 ¶ 27. He adds that he witnessed another instance in which counsel's advice proved wrong, and the sentencing judge accepted Matta's argument instead. *See id.* at 7 ¶¶ 29–30, 32. He also notes that counsel appealed an issue Matta did not want him to appeal. *See id.* ¶ 31. Had Matta fully believed counsel knew best, that belief would not excuse his failure to use the mechanism provided by 28 U.S.C. § 2255 to mount a collateral attack on his conviction and sentence. But Matta's persistent disagreements with counsel make his failure to file under § 2255 even harder to excuse.

### C. Character of Errors Alleged

Finally, Matta does not show the errors he alleges are of a truly fundamental character. For instance, he does not suggest he actually was not a felon in possession of a firearm in December 2009. Nor does he suggest that imposing

criminal sanctions against felons in possession of firearms amounts to a degradation of American law, as curfew and exclusion orders motivated by racism against Japanese-Americans degraded American law in 1942. *See generally Hirabayashi v. United States*, 828 F.2d 591 (9th Cir. 1987).

### D. Conclusion

Matta meets the third factor for *coram nobis* relief, because a conviction generally carries ongoing collateral consequences. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 491–92 (1989) (discussing *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968)). But he does not meet the first, second, or fourth precondition for pursuing *coram nobis* relief.

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy [of *coram nobis* relief] only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Matta presents no compelling reason why his belated challenge is just. The petition will be denied.

### III. Certification for Purposes of Appeal

Although the Court waived the filing fee, *see* Order (Doc. 2) at 2 ¶ 1, any appeal of this disposition would not be taken in good faith. The petition falls well short of satisfying the criteria for proceeding with a *coram nobis* petition.

6

Accordingly, IT IS ORDERED:

1. Matta's petition for a writ of error *coram nobis* (Doc. 1) is DENIED.

2. Matta's motions for appointment of counsel and for an evidentiary hearing (Doc. 6) are DENIED AS MOOT.

3. The clerk shall enter, by separate document, a judgment of dismissal.

4. Pursuant to Fed. R. App. P. 24(a)(3)(A) and (4)(B), the Court CERTIFIES that any appeal of this disposition would not be taken in good faith.

5. The clerk shall also enter this Order in the docket of the criminal case.

DATED this 14th day of February, 2022.

Susan P. Watters
United States District Court